IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JACQUELINE GINWRIGHT,            )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          CASE NO. 2:12-cv-473-WC
                                 )
DEPARTMENT OF REVENUE FOR        )
THE STATE OF ALABAMA, *et al.*,  )
                                 )
          Defendants.            )

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss (Doc. 6). Plaintiff filed an

Amended Complaint (Doc. 18) and Defendant filed a Supplement to the Motion to

Dismiss (Doc. 19). Plaintiff then filed a Supplemental Response in Opposition (Doc. 20).

Plaintiff's Complaint names as Defendants the Alabama Department of Revenue,

Julie P. Magee, individually and in her official capacity as the Commissioner of Alabama

Department of Revenue; Charlie Lassiter, individually and in her official capacity as

Director of the Human Resources Division of the Alabama Department of Revenue; and

Annette Russell, individually and in her official capacity as the Family Medical Leave

Coordinator for the Alabama Department of Revenue.[1] The Complaint (Doc. 1) alleged

---

[1] In her Amended Complaint, Plaintiff states that "Annette Russell was, at the time of the
incidents giving rise to this Complaint, Assistant Director of Human Resources for the
Department of Revenue for the State of Alabama." Am. Compl. (Doc. 18) at 2. However,
Defendants' Motion to Dismiss states that "Ms. Russell is not nor has she ever been the Assistant
Director of the Human Resources Division. She has also never served as Acting Assistant

the following causes of action:

> Count 1:  Disability Discrimination in violation of the Rehabilitation Act of
> 1973, 29 U.S.C. § 701 *et seq.* and/or the Americans with Disabilities Act,
> 42 U.S.C. 12101 *et seq.*;
> Count 2:  Retaliation in violation of the Americans with Disabilities Act, 42
> U.S.C. 12101 *et seq.* and/or the Rehabilitation Act of 1973, 29 U.S.C. § 701
> *et seq.*;
> Count 3:  Violations of the Family and Medical Leave Act 29 U.S.C. §
> 2601 *et seq.*

Compl. (Doc. 1) at 7-14.  Plaintiff then filed an Amended Complaint, seeking to "to

clarify her issues and also to allege the Court's jurisdiction pursuant to 42 U.S.C. §

1983."  Pl.'s Resp to Mot. to Dismiss (Doc. 9) at 8.  Plaintiff's Amended Complaint

removed her ADA claims and added discrimination and retaliation claims pursuant to 42

U.S.C. § 1983.  The Amended Complaint listed the following causes of action:

> Count 1:  Disability Discrimination in violation of the Rehabilitation Act of
> 1973, 29 U.S.C. § 701 *et seq.*;
> Count 2:  Retaliation in violation of the Rehabilitation Act of 1973, 29
> U.S.C. § 701 *et seq.*;
> Count 3:  Violations of the Family and Medical Leave Act, 29 U.S.C. §
> 2601 *et seq.*;
> Count 4:  Violation of § 1983 - Disability Discrimination against the
> Alabama Department of Revenue and the Individual Defendants in their
> official capacities;
> Count 5:  Violation of § 1983 - Disability Discrimination against Individual
> Defendants in their individual capacities
> Count 6:  Violation of § 1983 - Retaliation claim against the Alabama
> Department of Revenue and the Individual Defendants in their official
> capacities
> Count 7:  Violation of § 1983 - Retaliation claim against the Individual
> Defendants in their individual capacities.

---

Director of the Human Resources Division."  Supp. to Mot. to Dismiss (Doc. 19) at 2.  However,
it is undisputed that Defendant Russell did make decisions regarding Plaintiff's FMLA leave
requests at the time of the incidents giving rise to this complaint.

Am. Compl. (Doc. 18).

Upon consideration of Defendants' Motion to Dismiss (Doc. 6) and Supplement to the Motion to Dismiss (Doc. 20), the court finds that the Motion (Doc. 6) is due to be GRANTED in PART and DENIED in PART.

## I.     FACTS

For purposes of considering Defendants' Motion to Dismiss, the court presumes that the allegations in the Complaint and Amended Complaint are true.

## II.    STANDARD

Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A.     *Rule 12(b)(1) Motion to Dismiss Standard*

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar,* 919 F.3d 1525, 1529 (11th Cir. 1990)). "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact,

irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* In *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.,* the Eleventh Circuit stated that a district court treated a motion to dismiss as a facial, rather than factual, attack because it "considered only the complaint and the attached exhibits." 501 F.3d 1244, 1251 (11th Cir. 2007). When considering facial challenges to subject matter jurisdiction, "the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003); *see Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 564 F. Supp. 2d 1363, 1365 (N.D. Ga. 2008) (holding that "[i]n considering a facial challenge, which simply alleges that the plaintiff failed to sufficiently allege a basis for subject matter jurisdiction, a court must accept the allegations in the complaint as true," which is likened to the safeguards afforded a plaintiff when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised).

### B.    Rule 12(b)(6) Motion to Dismiss Standard

In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."

*James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).   The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)—has been retired by *Twombly*.   *James River Ins. Co.*, 540 F.3d at 1274.   Thus, the court engages in a two-step approach:   "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   The court need not accept as true legal conclusions or mere conclusory statements. *Id.*

## III.   DISCUSSION

### A.   *ADA Claims*

Defendants assert Eleventh Amendment immunity from suit brought under the Americans with Disabilities Act.   Supp. to Mot. (Doc. 19) at 5.   Plaintiff's Response (Doc. 9) to the Motion to Dismiss concedes that Eleventh Amendment immunity applies to claims under the ADA and states, "If state employees pursue suit in federal courts to recover money damages alleging that the state failed to comply with the ADA, the claim is barred by the Eleventh Amendment.   Accordingly, Ms. Ginwright will be filing a motion for leave to file an amended complaint, that will remove her ADA claims and focus on disability, retaliation and harassment claims under the Rehabilitation Act and

5

also under 42 U.S.C. § 1983."  Pl.'s Resp to Mot. to Dismiss (Doc. 9) at 10-11.  Because

Plaintiff conceded that Defendants are immune to civil suit under the ADA and because

she removed her ADA claims in her Amended Complaint (Doc. 18), Defendants' Motion

to Dismiss is due to be denied as moot.

###### B.   Disability Discrimination and Retaliation Claims Under the Rehabilitation Act

Plaintiff raises disability discrimination and retaliation claims in violation of the

Rehabilitation Act and seeks declaratory and compensatory relief.  (Counts 1-2).[2]

###### 1.   The Department and the Individual Defendants in their Official Capacities

As to Plaintiff's claims brought pursuant to the Rehabilitation Act, Defendants

correctly concede, that "[a]lthough, the Plaintiff's ADA claim is barred by the Eleventh

Amendment, her Rehabilitation Act claim is not."  Supp. to Mot. (Doc. 19) at 6.  The law

in the Eleventh Circuit is that states accepting federal funding waive their Eleventh

Amendment immunity.  *See* 42 U.S.C. § 2000d–7 ("A State shall not be immune under

the Eleventh Amendment of the Constitution of the United States from suit in Federal

court for a violation of section 504 of the Rehabilitation Act of 1973 . . . or the provisions

of any other Federal statute prohibiting discrimination by recipients of Federal financial

assistance."); *Garrett v. Univ. of Ala. at Birmingham*, 344 F.3d 1288, 1293 (11th Cir.

---

[2] Plaintiff has been disabled as a result of a fall in the Montgomery Mall in 1999 and an automobile accident in 2006, which resulted in permanent disabling conditions in her back and legs.  These conditions make it very difficult for her to walk long distances and cause her pain on a continuous and daily basis.  She takes regular treatment for her back and leg pain.  Am. Compl. (Doc. 18) at 3.

2003) ("Section 2000d–7 unambiguously conditions the receipt of federal funds on a waiver of Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act. By continuing to accept federal funds, the state agencies have waived their immunity."). Accordingly, Plaintiff's disability and discrimination claims under the Rehabilitation Act raised against the Department will survive Defendants' motion to dismiss.

However, to the extent Plaintiff raises claims against the Individual Defendants in their official capacities, these claims are due to be dismissed.

> Official capacity suits are suits against state agencies, not against the people through whom agencies act. The Supreme Court has said that official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent," and a victory against a named individual in an official capacity suit is "a victory against the entity that employs him." [*Kentucky v.*] *Graham*, [473 U.S. 159, 167-68 (1985)]. Thus, to impose *official* liability on a government entity amenable to suit, a plaintiff need do no more than name the government entity defendant; it is unnecessary also to name specific agents.

*Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993). Because Plaintiff has also named the Alabama Department of Revenue in this case, any claim against the Individual Defendants in their official capacities is duplicative of her claim against the Department. Thus, Plaintiff's claims against the Individual Defendants in their official capacities are due to be dismissed.

## 2.    The Individual Defendants in their Individual Capacities

To the extent Plaintiff brings claims against the Individual Defendants in their individual capacities, these claims are also due to be dismissed. Defendants "assert that

in their individual capacities they are not the receiver of any federal funds covered under this Act, and as a result all claims against them in their individual capacity should be dismissed for lack of subject matter jurisdiction."  Supp. to Mot. (Doc. 19) at 6.  The United States Court of Appeals for the Eleventh Circuit has held that "there is no individual capacity liability under Title II of the ADA or [Rehabilitation Act]."  *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005).  Thus, Plaintiff's claims against the Individual Defendants in their individual capacities are due to be dismissed.

### C.    FMLA Claims

Plaintiff raises claims under both the self-care and family-care[3] provisions of the FMLA and names as defendants the Department and the Individual Defendants in both their official and individual capacities.  (Count 3).

Plaintiff argues that "Congress has abrogated state sovereign immunity for Ms. Ginwrights' claims against the Defendants for violations of the FMLA and Rehabilitation Act."  Pl.'s Resp to Mot. to Dismiss (Doc. 9) at 9.  Specifically, that Congress has abrogated Eleventh Amendment immunity for FMLA claims for family-related leave.  *Id.*

### 1.    Individual Defendants in their Individual Capacities

To the extent Plaintiff brings an FMLA claim against the Individual Defendants in their individual capacities, this claim is due to be dismissed.  As Defendants correctly point out, "[t]he Named Revenue Defendants assert that they are not Plaintiff's

---

[3] In addition to Plaintiff's own disability, Plaintiff's daughter was born with Downs Syndrome, often suffers from seizures, and requires continuous medical care.

'employer' within the meaning of the FMLA and therefore should not be held individually liable under the FMLA family-care provision, 29 U.S.C. §2612(a)(1)(C)." Mot. (Doc. 19) at 7.   Under Eleventh Circuit case law, state officials acting in their individual capacity are not personally liable under the FMLA.  *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) (FMLA) ("Because the law of this circuit requires us to conclude that public officials in their individual capacities are not "employers" under the FMLA, we hold that there is no federal subject matter jurisdiction over these claims.").  Accordingly, Plaintiff's FMLA claims, under both the self-care and family-care provisions, against the Individual Defendants in their individual capacities are due to be dismissed.

### 2.     The Department and Individual Defendants in their Official Capacities

#### a.     *Family-Care Provision*[4]

As to Plaintiff's FMLA claims brought under the family care provision, Defendants correctly note that Congress abrogated Eleventh Amendment immunity for claims brought under the family care provision, of the FMLA.  *See Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003).  In *Hibbs*, the United States Supreme Court addressed the authority of Congress to abrogate state sovereign immunity for claims arising under the family-care provision of the FMLA and held that Congress had validly

---

[4] Under the family-care provision of the FMLA , 29 U.S.C. § 2612(a)(1)(C), "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period . . . In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition."

abrogated state sovereign immunity when it enacted the FMLA family care provision. Accordingly, Plaintiff's FMLA claim under the family-care provision raised against the Department will survive Defendants' Motion to Dismiss.

Defendants' Motion asserts that the Individual Defendants in their official capacity are entitled to qualified immunity.  *See* Mot. (Doc. 19) at 8-9.  The court disagrees. Qualified immunity is only a viable defense for government officials who are sued in their *individual* capacities.  *Tapley v. Collins*, 211 F.3d 1210, 1214 (11th Cir. 2000) ("Under this common-law defense, public officials sued in their individual capacities are entitled to qualified immunity when their actions do not violate 'clearly established *statutory* or constitutional rights.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) ("This is an official-capacities-lawsuit; thus, we hold that a qualified immunity defense is not available in this lawsuit."); *Lundgren v. McDaniel*, 814 F.2d 600, 604 (11th Cir. 1987) ("Qualified immunity—the objective 'good faith' defense—is available only in a personal capacity lawsuit, not in an official capacity action."  citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)).  However, as discussed above, *see supra* Section B, all claims against the Individual Defendants in their official capacities are due to be dismissed.

Accordingly, because Congress validly abrogated Eleventh Amendment immunity, Plaintiff's FMLA claim brought under the family-care provision against the Department will survive Defendants' Motion to Dismiss.

**b.**     *Self-Care Provision*[5]

However, Plaintiff's FMLA claims arising under the self-care provision are due to be dismissed. Defendants correctly contend that the Eleventh Amendment immunity bar insulates the State from suit for alleged violations under FMLA's self-care provision. Supp. to Mot. (Doc. 19) at 9.

The United States Court of Appeals for the Eleventh Circuit has held that Congress failed to abrogate validly the States' sovereign immunity in the FMLA's self-care provisions. *See Garrett v. Univ. of Ala. Bd. Of Trs.*, 193 F.3d 1214, 1219 (11th Cir. 1999) ("we hold in this case that Congress did not have the authority to abrogate the sovereign immunity of the states on claims arising under the provision [the self-care provision] at issue here."), rev'd on other grounds *Bd. of Trs. Of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *see also Batchelor v. S. Fla. Water Mgmt. Dist.*, 242 F. App'x 652, 653 (11th Cir. 2007) (unpublished) (affirming *Garrett*'s validity post-*Hibbs* and stating, "Our holding in *Garrett* that Congress is without authority to abrogate state sovereign immunity for claims arising under the self-care provision of the FMLA remains the law of this Circuit."). Thus, because there is no valid waiver or abrogation, sovereign immunity attaches to these claims and neither the Department nor the Individual Defendants in their official capacities can be sued in federal court for either

---

[5] Under the self-care provision of the FMLA , 29 U.S.C. § 2612(a)(1)(D) ("[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.").

money damages or injunctive relief.  *See Alabama v. Pugh*, 438 U.S. 781 (1978).

### D.      Section 1983 Claims

Pursuant to Section 1983, Plaintiff raises retaliation and disability discrimination claims against the Department and the Individual Defendants in both their official and individual capacities.  *See* Am. Compl. (Doc. 18) (Counts 4-7).

#### 1.      The Department and the Individual Defendants in their Official Capacities

Any Section 1983 claim Plaintiff raises against the Department and the Individual Defendants in their official capacities is due to be dismissed.  As Defendants correctly argue, the law is clear that the Department and the Individual Defendants in their official capacities are not persons for purposes of Section 1983.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983")."  The law is also clear that Congress did not abrogate Eleventh Amendment immunity with the enactment of 42 U.S.C. § 1983.  *See, e.g.*, *Hamilton v. Florida Dep't of Educ./Vocational Rehab. Servs.,* 152 F. App'x 771, (11th Cir. 2005) (Eleventh Amendment bars disability discrimination claims under § 1983 against employees, in their official capacities).

##### a.      Claim for Injunctive Relief

Plaintiff concedes that under *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989), neither the Department nor the Individual Defendants in their official capacity are persons under Section 1983.  *See* Pl.'s Resp. (Doc. 20) at 9.  However, Plaintiff argues that "'a state official in his or her official capacity, when sued for injunctive relief, would

12

be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* Plaintiff notes that her "§ 1983 claims although requesting relief in damages, request declaratory, injunctive and/or prospective relief." *Id.* at 10. Plaintiff also asserts that the *Ex Parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity for prospective relief to enjoin continuing violations of the federal constitution applies to her claims. *Id.* at 10-11.

The court disagrees and finds that the result is the same as to Plaintiff's request for injunctive relief. Normally, individuals sued in their official capacities *would* be a person under Section 1983 if sued for injunctive relief. Under the *Ex Parte Young* exception, the Eleventh Amendment sovereign immunity may not apply to bar relief under § 1983 when a state official is sued for prospective injunctive relief to "end a continuing violation of federal law." *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 73 (1996) (quoting *Green v. Monsour,* 474 U.S. 64, 68 (1986)). *Ex Parte Young*, 209 U.S. 123 (1908), carves out a narrow exception to Eleventh Amendment immunity by permitting suits for prospective relief against state officials for violations of federal or constitutional law by those officials. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). *See also Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect."); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988)

(*Ex Parte Young* exception "enables a federal court to entertain a suit for prospective relief against a defendant state officer upon allegations that he violated federal law, based on the legal fiction that a state officer cannot then be acting pursuant to state authority").

> Here, Plaintiff is indeed seeking prospective relief, requesting the court to:
>
> Enter a mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Alabama Department of Revenue regarding disability discrimination, harassment and retaliation;
>
> Enter a mandatory, preliminary and permanent injunction requiring Defendants to remove all records of discriminatory disciplinary actions from Ms. Ginwright's personnel file; and properly compensate her for any time she has missed because of Defendants' failure and/or refusal to accommodate her, in disciplining her and refusing to grant FMLA leave to her.

Am. Compl. (Doc. 18) at 17.   However, Defendants contend the *Ex Parte Young* exception does not apply because Plaintiff is no longer employed by the Department of Revenue.   Supp. to Mot. (Doc. 19) at 13.   The court agrees.   Plaintiff applied for retirement on June 9, 2011 and the Department approved her retirement on August 3, 2011.  Am. Compl. (Doc. 18) at 6.  Accordingly, the court finds Plaintiff lacks standing to seek prospective relief of any kind because she is no longer employed by the Department.  *See, e.g.*, *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) (recognizing that plaintiff, who cannot show probability of future injury, lacks standing to seek prospective injunctive relief); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that the plaintiff will again be subjected

to the allegedly unconstitutional actions."); *Eisfelder v. Michigan Dep't of Natural Res.*, 847 F. Supp. 78, 82 n.1 (W.D. Mich. 1993) ("[S]ince plaintiff has retired, her requests that the policies and practices in the workplace be declared illegal and ordered modified are moot."). This case is similar to *Leverette v. Alabama Revenue Dep't*, 453 F. Supp. 2d 1340 (M.D. Ala. 2006). In that case, the plaintiff argued that "the Revenue Department and Henniger discriminated against her in that her unaccommodated disability forced her to take an early retirement, which in turn decreased her future retirement benefits." *Leverette*, 453 F. Supp. 2d at 1344. Leverette sought "injunctive relief requiring the department and Henniger to grant her the benefits she would have been entitled to had she not retired early." *Id*. The *Leverette* court held that "[a]lthough styled as prospective relief, this type of injunctive relief is barred by the Eleventh Amendment because it aims to vindicate a retrospective interest in compensation rather than a prospective interest in ending a continued legal violation." *Id*. (citing *Florida Ass'n of Rehab. Facilities, Inc. v. State Dep't of Health & Rehab., Servs.*, 225 F.3d 1208, 1219-20 (11th Cir. 2000)). Like in *Leverette*, in this case, "[Plaintiff's] alleged discriminatory experiences and forced resignation are past transgressions. Even assuming her harm is ongoing, in the sense that she continues to receive less retirement benefits, this harm does not render the relief she seeks for these alleged prior bad acts any less retrospective." *Id*. (citing *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1221). Instead, when relief labeled as prospective is "'measured in terms of a monetary loss resulting from a past breach of a legal duty,' it is the functional equivalent of money damages and *Ex parte Young* does not apply." *Id*.

(citing *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1220).

The court further held that "Leverette's request for a declaratory judgment—that is, a declaration that, among other things, the Revenue Department and Henniger violated the ADA—is barred as well. 'She may not use the doctrine to adjudicate the legality of past conduct.'" *Id.* (quoting *Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326, 1337 (11th Cir. 1999)).   Thus, in this case, Plaintiff's Section 1983 claims against the Department and the Individual Defendants in their official capacities, whether for retrospective, prospective, and/or declaratory relief are due to be dismissed.

### 2.        Individual Defendants in their Individual Capacities

Plaintiff's Section 1983 claims are premised on violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.   Specifically, Plaintiff alleges:

> . . . Defendants Magee, Lassiter and Russell, in their individual capacities, separately and in concert with one another, intentionally and wrongfully discriminated against Plaintiff on the basis of her disability and other terms and conditions of employment in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.  In particular, Defendants refused to grant her requests for accommodation and they refused to grant her FMLA leave.

> Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Ms. Ginwright has a right to be free from disability discrimination with respect to the terms and conditions of her employment with Defendant Alabama Department of Revenue. Defendants Magee, Lassiter and Russell, in their individual capacities, under color of state law, in violation of 42 U.S.C. § 1983, purposefully deprived Ms. Ginwright of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory practices based upon her disability.   In particular, Defendants refused to grant Ms. Ginwright's requests for accommodation, disciplined her when she could

not come to work due to her and/or her daughter's disabling conditions, and refused to grant her FMLA leave.

. . .

. . . Defendants Magee, Lassiter and Russell, in their individual capacities, separately and in concert with one another, intentionally and wrongfully retaliated against Ms. Ginwright for her complaint of discrimination, or otherwise for her participation in protected activity in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. Such retaliation was taken with malice or reckless indifference to the federally protected rights of Ms. Ginwright.

Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Ms. Ginwright has a right to be free from disability discrimination and retaliation in her employment with the Alabama Department of Revenue and Defendants Magee, Lassiter and Russell, in their individual capacities, under color of state law, in violation of 42 U.S.C. § 1983, purposefully deprived Ms. Ginwright of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory and retaliatory practices based upon her disability by harassing her, denying her requests for accommodations, and denying her requests for FMLA leave.

Am. Compl. (Doc. 18) at 17-18 & 21. Essentially, Plaintiff rests her § 1983 claims on her allegation that the individual defendants failed to accommodate her disability, refused to grant her FMLA leave, and disciplined her.

The Individual Defendants assert "they are entitled to qualified immunity from liability under § 1983 if their actions were undertaken in good faith and did not violate the clearly established rights." Mot. (Doc. 6) at 6.

"Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Lassiter v. Alabama A & M Univ.*, *Bd. of Trs.,* 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a public official is entitled to qualified immunity, the Eleventh Circuit requires district courts to apply a two-step burden-shifting analysis. First, the public official Defendants bear the burden of proving that they were acting within the scope of their discretionary authority at the time the alleged violation occurred. *See Priester v. City of Riviera Beach,* 208 F.3d 919, 926 (11th Cir. 2000). Second, once Defendants have discharged this burden, "the plaintiff must demonstrate that the official's acts, at the time they were taken, violated clearly established federal statutory or constitutional rights of which a reasonable person would have known."[6] *Id.*; *see also Busby v. City of Orlando*, 931 F.2d 764, 773 (11th Cir. 1991).

The parties do not dispute that the Individual Defendants were acting within the scope of their authority. Accordingly, the only question in dispute is whether Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment were clearly established at the time of Defendants' actions.

Defendants contend:

---

[6] Where the law that the defendant allegedly violated was not clearly established at the time of the alleged offense, the defendant is entitled to qualified immunity. *See Stewart v. Baldwin Cnty. Bd. of Educ.,* 908 F.2d 1499, 1503 (11th Cir. 1990). "If the law was clearly established, the immunity defense ordinarily should fail since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818-19.

> In the present case, there is absolutely no evidence that any of the Revenue Defendants are incompetent or knowingly violated any clearly established statutory or constitutional rights of which a reasonable person would have known. As stated by the Eleventh Circuit in *Foy*, the plaintiff cannot carry this burden by alleging the violation of constitutional rights in general terms.

Supp. to Mot. (Doc. 19) at 20. Plaintiff asserts "that under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, she has a clearly established right to be free from harassment, disability discrimination and retaliation in her employment with the Alabama Department of Revenue." Resp. (Doc. 20) at 12-13.

First, the court notes that Plaintiff may assert a violation of the Equal Protection Clause based on alleged disability discrimination through Section 1983. *See, e.g.*, *Yates ex rel. Estate of Yates v. Beck*, 2003 WL 22231260, at *7 (W.D.N.C. Aug. 22, 2003) (finding that "the facts alleged by Plaintiff suffice, if barely, to state a claim under the Equal Protection Clause for irrational and arbitrary discrimination between [the plaintiff] and other public employees" because "the face of the Complaint does not suggest a rational basis, and as all reasonable inferences from the allegations must be drawn in Plaintiff's favor, the [court] is unable to say that no equal protection "relief could be granted under any set of facts that could be proved consistent with the allegations." (quoting *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984)).

Second, the court finds that Plaintiff's "right not to be discriminated against by public officials on the basis of physical disability without at least some rational explanation" was clearly established at the time of the events forming the basis for Plaintiff's Complaint. *See Yates ex rel.*, 2003 WL 22231260, at *7 (W.D.N.C. Aug. 22,

2003) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (recognizing that the contours of equal protection right not to be treated differently from similarly situated persons where there is no rational basis for difference in treatment had previously been established); *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 446 (1985) (distinctions based on mental retardation need only be rationally related to legitimate government interest to withstand equal protection challenge); and *Brown v. North Carolina Div. of Motor Vehicles,* 166 F.3d 698, 706 (4th Cir. 1999) (applying rational basis standard articulated in *Cleburne* to distinctions based on physical disabilities)).

Accordingly, because all reasonable inferences from the allegations must be drawn in Plaintiff's favor, and no rational basis appears on the face of the Complaint, the court is unable to say, at this juncture, that no equal protection "relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon*, 467 U.S. at 73. Accordingly, the court finds that Defendants' Motion to Dismiss is due to be denied as to their qualified immunity defense.

### E.    *Rule 12(b)(6) Motion for Failure to State a Claim*

Defendants' also seek dismissal asserting Plaintiff has failed to state a claim for which relief can be granted.

### 1.    Constructive Discharge

Defendants contend that Plaintiff has failed to state a claim for which relief can be granted regarding her Constructive Discharge claim.  Supp. to Mot. (Doc. 19) at 27. Plaintiff's Response concedes "that no constructive discharge claim was made in either

[her] complaint [or Amended Complaint]." Pl.'s Resp. (Doc. 20) at 18. To the extent Plaintiff now seeks to raise a constructive discharge claim in her Response to the Motion to Dismiss, the court will disregard that claim and analyze the Motion to Dismiss under the assertions set forth in the Complaint and Amendment Complaint as Plaintiff would be raising that constructive discharge claim for the first time in her Response. As Plaintiff herself concedes, neither her Complaint nor her Amendment Complaint allege a constructive discharge claim. "Plaintiff may not supplant allegations made in h[er] Complaint with new allegations raised in a response to a motion to dismiss." *Rule v. Chase Home Fin. LLC*, 2012 WL 1833394, at *4 (M.D. Ga. May 18, 2012) (citing *Irwin v. Miami–Dade Cnty. Pub. Schs.*, 2009 WL 465038, at *2 (S.D. Fla., Feb. 24, 2009) (citations omitted) (disregarding the new allegations and analyzing motion to dismiss under the assertions set forth in the Second Amended Complaint) and *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1330 (11th Cir. 2006) (holding court is limited to "reviewing what is within the four corners of the complaint on a motion to dismiss.")). Because there is no constructive discharge claim alleged, the court finds Defendants' motion to dismiss is denied as moot as to this claim.

### 2. Reasonable Accommodation

Defendants also argue that Plaintiff has failed to state a claim for which relief can be granted because the Defendants offered her a reasonable accommodation. The court finds that a determination of whether or not Defendants provided Plaintiff with a reasonable accommodation would be improper on a motion to dismiss. Whether the

accommodations that were offered were reasonable and Defendants could provide them to Plaintiff without undue hardship are factual inquiries that are not properly decided in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "Without full development of the record, the Court cannot determine whether Plaintiff[] received the accommodation [she] requested and whether the requested accommodation was reasonable." *Solodar v. Old Port Cove Lake Point Tower Condo. Ass'n, Inc.*, 2012 WL 1570063, at *6 (S.D. Fla. May 2, 2012) (citing *Terrell v. USAir,* 132 F.3d 621, 626 (11th Cir. 1998) ("Whether an accommodation is reasonable depends on specific circumstances")).  Accordingly, the court finds that Defendants' argument fails.

## IV.   CONCLUSION

For the reasons discussed above, it is ORDERED that Defendants' Motion to Dismiss (Doc. 6) is GRANTED in PART and DENIED in PART.

1. The Motion is GRANTED as follows:

   a. All claims against the Individual Defendants in their official capacities are DISMISSED;

   b. Plaintiff's Discrimination and Retaliation claims brought pursuant to the Rehabilitation Act against the Individual Defendants in their individual capacities are DISMISSED;

   c. Plaintiff's FMLA claims against the Individual Defendants in their individual capacities are DISMISSED;

   d. Plaintiff's FMLA self-care claims against the Department and the

Individual Defendants in their official capacities are DISMISSED; and

    e.    Plaintiff's 42 U.S.C. § 1983 claims against the Department and the Individual Defendants in their official capacities are DISMISSED.

2.    The Motion is DENIED as to:

    a.    Plaintiff's Rehabilitation Act claim against the Department of Revenue;

    b.    Plaintiff's FMLA claim under the family-care provision against the Department of Revenue; and

    c.    Plaintiff's 42 U.S.C. § 1983 claim against the Individual Defendants in their individual capacities.

3.    The Motion is DENIED as MOOT as to:

    a.    Plaintiff's ADA claims; and

    b.    The Constructive Discharge claim.

Done this 21st day of March, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE